

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Willie O'Neal
County Auditor
Carson County
Panhandle, Texas

Dear Madam:

Opinion No. O-5251
Re: Fees and ex-officio salary or
compensation of the County
Judge of Carson County.

Your letter of April 19, 1943, requesting the opinion of this department on the above stated matter reads as follows:

"Will you please render us an opinion concerning the fees and exo-compensation of the County Judge of Carson County?

"We are on the fee basis and the fees of the County Judge amount to approximately $300.00 per year. In January of this year the Commissioners Court set exo-compensation for the County Judge at $1800.00 per year, payable monthly at $150.00 per month. The exo-compensation and all the fees fall to make the maximum of $2400.00

"There is some question as to whether the Judge can retain the fees collected by him, as well as the exo-compensation, up to the amount of $2400.00 and turn in to the County any excess, in the event the fees should be more than the usual fees.

". . . ."

Carson County has a population of 6,563 inhabitants according to the 1940 Federal Census. The county officials of said county are compensated on a fee basis.

Article 3883, Vernon's Annotated Civil Statutes, reads in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each.

". . . ."

Article 3891, Vernon's Annotated Civil Statutes, provides in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified; same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400).

". . . ."

Article 3895, Vernon's Annotated Civil Statutes, reads as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex-officio services when, in their judgement, such compensation is necessary, provided, such compensation for ex-officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex-officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

Under Article 3883 and Article 3891, supra, the maximum compensation and the excess fees allowed to be retained by the County Judge of Carson County is $3,000.00 per year. When the compensation and excess fees allowed by these statutes do not exceed the maximum compensation and excess fees provided therein, then by virtue of Article 3895, supra, the Commissioners' Court is authorized to allow compensation for ex-officio services in any amount, provided the compensation for ex-officio services together with the compensation and excess fees allowed by the foregoing statutes do not exceed the maximum of $3,000.00. In other words, in compliance with Article 3895, supra, the Commissioners' Court is authorized to allow any amount as compensation for ex-officio services when such amount shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by the officer under the foregoing statutes. (See Section 172, Texas Jurisprudence, Vol. 34 under the title of Public Officers and the case of Anderson County v. Hopkins, 187 S. W. 1019).

It is noted that you state in your letter that the fees of the County Judge amount to approximately $300.00 per

year and that the Commissioners' Court has allowed the amount
of $150.00 as compensation for ex-officio services per month
of $1,800.00 per year. Under the facts stated the fees and
compensation for ex-officio services received by the County
Judge are within the maximum amount that can be legally re-
tained by him. Therefore you are respectfully advised that
the County Judge can legally retain his compensation for ex-
officio services as above mentioned and the fees received by
virtue of his office. In other words the County Judge can
retain all fees received by him by virtue of his office and
the $1,800.00 compensation for ex-officio services, provided
the compensation for ex-officio services together with the
compensation and excess fees allowed by law do not exceed the
maximum of $3,000.00 per year.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/

Ardell Williams
Assistant

AW:mp

APPROVED OPINION COMMITTEE
BY GCB: CHAIRMAN

APPROVED MAY 8, 1943
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

AW:mw